*E-Filed: May 6, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LA TIENDITA and THANH T. HUYNH,<br><br>　　　　Plaintiffs,<br>　v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>　　　　Defendant.<br>_____/ | No. C14-01693 HRL<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>[Re: Docket No. 9] |

Plaintiffs La Tiendita and Thanh T. Huynh, a retail food store and owner thereof, seek judicial review of an administrative determination by the United States Department of Agriculture (USDA) disqualifying them from participation in the Supplemental Nutrition Assistance Program (SNAP), previously known as the Food Stamp Program.[1] Plaintiffs received a six-month suspension pursuant to a finding that they had accepted SNAP benefits, or "food stamps," as payment for ineligible non-food items. Presently before the Court is Plaintiffs' motion for a temporary restraining order against enforcement of the suspension. *See* Dkt. No. 9. Defendant United States Department of Agriculture (USDA) opposes the motion. *See* Dkt. No. 15. All parties have

---

[1] Plaintiffs' complaint asserts three "causes of action" against defendant USDA based on alleged discrimination: (1) violation of 42 U.S.C. § 1981; (2) violation of 42 U.S.C. § 1983; and (3) violation of the Fourteenth Amendment. However, these claims do not apply to the federal government, and the primary relief sought here is an injunction against enforcement of Plaintiffs' disqualification from SNAP. Accordingly, with agreement from Plaintiffs, the complaint will be construed as a request for judicial review pursuant to 7 U.S.C. § 2023(a)(13). Nevertheless, should Plaintiffs wish to amend their complaint, they shall do so forthwith.

expressly consented to having all matters proceed before the undersigned.  Based on the moving and responding papers, as well as the arguments of counsel at the hearing on May 5, 2014, the Court grants the motion for a temporary restraining order.

## BACKGROUND

Huynh owns La Tiendita, a small grocery store that purportedly relies on SNAP for 85-90% of its business.  She is an immigrant from Vietnam who has no education past middle school and speaks little English.  Plaintiffs participated in SNAP for roughly two years without incident.  However, on four separate occasions between May and September 2013, a USDA investigator purportedly used SNAP benefits at La Tiendita to purchase on each occasion a can of coffee, sugar or creamer, and plastic utensils, the last of which is an ineligible non-food item.  As result of the alleged violations, the USDA Food and Nutrition Service (FNS) disqualified Plaintiffs from participation in SNAP for six months.  The suspension was upheld by an administrative review officer.

## LEGAL STANDARD

"Any grocery store fined or disqualified under the Food Stamp Act may bring an action for judicial review challenging the penalty by filing a complaint against the United States in federal district court." *Kim v. U.S.*, 121 F.3d 1269, 1271-72 (9th Cir. 1997) (citing 7 U.S.C. § 2023(a)(13)). "During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal."  § 2023(a)(17).

"In determining the validity of FNS action, the Food Stamp Act provides that the district court's review 'shall be a trial de novo.'" *Wong v. U.S.*, 859 F.2d 129, 132 (9th Cir. 1988) (quoting 7 U.S.C. § 2023(a)(15)).  "However, [the Ninth Circuit] requires the district court to apply a bifurcated standard of review.  Whereas the FNS finding that a firm violated the Food Stamp Act is reviewed de novo, review of the sanction imposed by the FNS is governed by the arbitrary and capricious standard." *Id.*

1   "The FNS regional office making a disqualification or penalty determination shall consider:
2   (1) the nature and scope of the violations committed by personnel of the firm, (2) any prior action
3   taken by FNS to warn the firm about the possibility that violations were occurring, and (3) any other
4   evidence that shows the firm's intent to violate the regulations."  7 C.F.R. § 278.6(d).  The FNS
5   shall "[d]isqualify the firm for 6 months if it is to be the first sanction for the firm and the evidence
6   shows that personnel of the firm have committed violations such as but not limited to the sale for
7   common nonfood items due to carelessness or poor supervision by the firm's ownership or
8   management."  § 278.6(e)(5).  The FNS shall "[s]end the firm a warning letter if violations are too
9   limited to warrant a disqualification."  § 278.6(e)(7).

## DISCUSSION

Plaintiffs dispute that the alleged violations occurred, which the Court reviews de novo. However, even the if the alleged violations did occur, Plaintiffs argue that the penalty was arbitrary and capricious because the alleged violations were not the result of "carelessness or poor supervision."  Rather, any violations occurred despite Huynh's good faith effort to comply with the SNAP regulations, and any misunderstanding stems from the USDA's failure to reasonably make available the SNAP training materials in languages other than English.  Defendant disagrees that a finding of "carelessness or poor supervision" is a prerequisite for a six month suspension, and even with the lesser sanction of a warning letter available, the FNS was within its discretion to disqualify Plaintiffs for six months.

As to irreparable injury, Huynh has testified that Plaintiffs rely on SNAP benefits for about 85-90% of their business, and a six month suspension from the SNAP program would almost certainly force them out of business.  USDA cites Plaintiffs' failure to produce financial records in support of this contention and notes that La Tiendita is still open despite the suspension having already commenced.

Taking Plaintiffs' evidence at face value, Plaintiffs' demonstration of irreparable injury weighs heavily in their favor.  Their likelihood of success on the merits is less clear, but at this early stage it is too soon to say with any confidence.  Additional discovery, which both sides requested, may inform the ultimate answer.  Thus, in view of the strong showing of irreparable harm, the Court

thinks it fair to temporarily stay the imposition of Plaintiffs' disqualification from SNAP pending a fuller hearing on a motion for preliminary injunction.

## CONCLUSION

Plaintiffs' motion for temporary restraining order is GRANTED. Having received Defendant's consent, the stay on Plaintiffs' disqualification from SNAP shall remain in effect until the hearing on Plaintiffs' motion for preliminary injunction, for which the Court sets the following schedule:

| | |
|---|---|
| Plaintiffs' submissions due | June 23, 2014 |
| Defendant's submissions due | June 30, 2014 |
| Plaintiffs' Reply due | July 3, 2014 |
| Preliminary Injunction Hearing | July 17, 2014, at 1:30 pm |

Furthermore, discovery shall be open for 30 days. Defendant may depose each Plaintiff for 90 minutes; Plaintiff may depose the USDA investigator for 90 minutes. The parties may exchange requests for production and shall have 15 days within which to respond and produce responsive documents.

**IT IS SO ORDERED.**

Dated: May 6, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

1  **C14-01693 Notice will be electronically mailed to:**

2  James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

3  Thomas John Spielbauer     thomas@spielbauer.com

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California