*E-Filed: May 28, 2014*

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
JAMES A. SCHARF (CABN 152171)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5044
Facsimile: (408) 535-5081
Email: james.scharf@usdoj.gov

Attorneys for Defendant USDA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

LA TIENDITA and THANH T. HUYNH,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,

Defendant.

Case No. 5:14-cv-01693 HRL

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER

It is hereby stipulated by and between the undersigned Plaintiffs La Tiendita and Thanh T. Huynh (collectively, "Plaintiff") and Defendant United States Departure of Agriculture ("Defendant"), by and through their respective attorneys, as follows:

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this agreement;

WHEREAS, the parties intend this to be a full, final and complete settlement that resolves all claims and potential claims that Plaintiff may have arising out of or relating to the subject of Plaintiff's Complaint and Motion for TRO and Preliminary Injunction, including all claims for discrimination.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
LA TIENDITA V. USDA, CASE NO. 5:14-CV-01693 HRL

1

NOW, THEREFORE, in consideration of the mutual promises contained in this settlement agreement, and other good and valuable consideration, receipt of which is hereby anticipated, the parties agree as follows:

1. Agreement to Compromise Claims. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action and motion for TRO and preliminary injunction under the terms and conditions set forth in this settlement agreement.

2. Definition of "Defendant." As used in this agreement, Defendant shall include the United States of America and its current and former agencies, agents, servants, employees, and attorneys.

3. Settlement Terms. (1) In lieu of the six-month suspension that is the subject of this action, Plaintiff will pay Defendant a civil monetary penalty ("payment") in the amount of eight thousand, seven hundred forty-two dollars ($8,742.00). Unless otherwise directed, the check shall be made out to the USDA and sent to AUSA Scharf at his office address, 150 Almaden Boulevard, Suite 900, San Jose, CA 95113. (2) As the parties have not been able to agree on a mutually acceptable due date, the parties have agreed to allow the Court to decide whether the payment is due 120 days, 150 days, or 180 days from the date the Court "so orders" this agreement. (3) If Plaintiff fails to make timely payment(s), Defendant may re-impose the six-month disqualification subject to the terms of this paragraph, and Plaintiff will serve the remaining 159 days of the disqualification period. (4) However, Defendant will notify counsel for Plaintiff of this default ten (10) days before implementing such suspension. During this time, Plaintiff will be permitted to cure the default or to otherwise show that the payment(s) have been made. (5) Defendant will also issue Plaintiff a warning letter regarding the acceptance of SNAP benefits in exchange for ineligible merchandise on four separate occasions between May 7, 2013, and September 24, 2013. The letter may state that Defendant has the right to consider that warning letter in determining the appropriate penalty in any future case concerning a future violation. These terms

constitute full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this action, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, or the Defendant, may now have or may hereafter acquire against each other.

4. Mutual Release. Plaintiff and her guardians, heirs, executors, administrators or assigns, and Defendant, hereby agree to accept the Settlement Terms in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against each other on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. This paragraph, however, does not prejudice Defendant's right to issue a warning letter and re-impose the suspension, and take other appropriate action regarding same, pursuant to the Settlement Terms.

5. Dismissal of Action. In consideration of the terms of this settlement agreement, Plaintiffs' attorney shall also execute and provide to Defendant's attorney a Stipulation of Dismissal. The Stipulation of Dismissal shall dismiss, with prejudice. This dismissal is intended to include all claims asserted in this action, or that could have been asserted related to the subject matter of this action. The fully executed Stipulation of Dismissal will be filed within seven (7) calendar days of receipt by Defendant's attorney of the above-stated payment. This Court, the Hon. Howard Lloyd, will retain jurisdiction over all matters pertaining to the litigation until the dismissal with prejudice is finally entered.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
LA TIENDITA V. USDA, CASE NO. 5:14-CV-01693 HRL



6. **No Admission of Liability.** This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of Plaintiffs or Defendant, and it is specifically denied that they are liable to each other. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation. This paragraph, however, does not prejudice Defendant's right to issue a warning letter and re-impose the suspension, and take other appropriate action regarding same, pursuant to the Settlement Terms.

7. **Parties Bear Their Own Costs.** It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses.

8. **Authority.** The persons signing this agreement warrant and represent that they possess full authority to bind the persons or entities on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code Section 1542.** The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff and Defendant having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. The parties understand that, if the facts concerning the parties' liability and the liability of the parties for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the agreement shall be and remain effective notwithstanding such material difference.

11. **Construction.** Each party hereby stipulates that it has been represented by and has relied upon counsel in the negotiations for the preparation of this agreement, that it has had the contents of the agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the agreement and the legal consequences thereof. For purposes of construction, this agreement shall be deemed to have been drafted by all parties to this agreement and shall not, therefore, be construed against any party for that reason in any subsequent dispute. Plaintiff and her counsel expressly represent that a competent interpreter translated this settlement agreement into the Vietnamese language for Plaintiff.

12. **Severability.** If any provision of this agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

13. **Integration.** This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement. This agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: May __, 2014

*(signature)*

THANH T. HUYNH on behalf of herself and La Tiendita

DATED: May 20, 2014

*(signature)*

Thomas Spielbauer
Attorneys for Plaintiffs

MELINDA HAAG
United States Attorney

DATED: May __, 2014

*(signature)*

JAMES A. SCHARF
Assistant United States Attorneys
Attorneys for Defendant

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
LA TIENDITA V. USDA, CASE NO. 5:14-CV-01693 HRL

Pursuant to stipulation, IT IS SO ORDERED.

Further, the TRO issued in this case, as well as all case deadlines and hearing dates, are hereby vacated. Pursuant to Paragraph 3 of this Stipulation and Order, within 7 days from the date entry of this Order, the parties may each file a short letter not exceeding THREE (3) pages setting forth their respective positions as to whether the payment due date should be 120 days, 150 days, or 180 days from the date of this Order. The Court will then choose one of those dates without further hearing. Within 7 calendar days of the payment by Plaintiffs to Defendant, the parties will file a dismissal with prejudice at which time this case will be closed.

DATED: May 28, 2014

HON. HOWARD R. LLOYD
United States District Court Magistrate Judge

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE; [PROPOSED] ORDER
LA TIENDITA V. USDA, CASE NO. 5:14-CV-01693 HRL